**GRAFF, Plaintiff-Appellant, v CLARK, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20846. Decided March 1, 1948.

482

Garfield, Baldwin, Jamison, Hope & Ulrich, Cleveland, for plaintiff-appellant.

Harry J. Dworkin, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, J.

This appeal comes to this court on questions of law from a judgment for the defendant on plaintiff's petition entered, after verdict of the jury, by the trial court. The jury also found for the plaintiff on defendant's cross-petition but the defendant did not appeal from such judgment.

The plaintiff was operating his motor vehicle in an easterly direction on Cedar Road, a public highway, in the City of University Heights. At the same time the defendant was driving south on Belvoir Boulevard a public highway in said city, which intersects Cedar Road at about right angles. There is a stop sign, directing traffic proceeding south on Belvoir Boulevard to stop before entering or passing over said Cedar Road. The vehicles of the plaintiff and defendant came into collision in said intersection, the plaintiff by his petition claiming the defendant's negligence in failing to yield the right of way to plaintiff, in failing to stop before entering the intersection and in other respects as set forth in his petition, was the proximate cause of the collision.

The defendant by his cross-petition alleges that the proximate cause of the collision was the plaintiff's negligence in driving at an excessive rate of speed, in failing to divert the course of his automobile to avoid the collision and in other respects as set forth in the cross-petition.

The principal controversies between the parties, in the evidence is concerned with the question as to whether or not the defendant stopped before entering the said intersection and the speed of the respective vehicles, the plaintiff's evidence being to the effect that he was driving at a normal rate of speed and that defendant drove into the intersection without yielding the right of way to the plaintiff (the plaintiff

approaching the intersection from the defendant's right) and failed to stop before entering the intersection and also drove into said intersection from Belvoir Boulevard at a high and dangerous rate of speed, while the defendant's evidence tended to establish that he did stop before entering the intersection and that the plaintiff was driving at a high and dangerous rate of speed on Cedar Road.

The errors complained of by the plaintiff concern, for the most part, the failure of the court to instruct the jury on the statutory rules of "right of way"; and in failing to give a special instruction before argument upon request properly made and also, in that the court's instructions on the subject of speed were erroneous.

Sec. 6307-2 GC in part provides as follows:

" 'Right of way'. The right of a vehicle, street car, trackless trolley or pedestrian to proceed uninterruptedly in a lawful manner in the direction in which it or he is moving in preference to another vehicle, street car, trackless trolley, or pedestrian approaching from a different direction into its or his path."

Secs. 6307-40 and 42 GC provide as follows:

"Sec. 6307-40 GC. Excepting where otherwise provided the operator of a vehicle, street car or trackless trolley shall yield the right-of-way at an intersection to a vehicle, street car or trackless trolley approaching from the right."

"Sec. 6307-42 GC. (a) The operator of a vehicle, intending to enter a through highway, shall yield the right of way to all other vehicles, street cars or trackless trolleys on said through highway.

(b) The operator of a vehicle, street car or trackless trolley shall stop in obedience to a stop sign at an intersection where a stop sign is erected and shall yield the right of way to all other vehicles, street cars or trackless trolleys not so obliged to stop."

Sec. 6307-63 GC provides—

"Sec 6307-63 GC. (a) All state routes and all sections of streets and highways on which are operated street cars, trackless trolleys and other electric cars or motor coaches for carrying passengers for hire along a fixed or regular route under authority granted by the municipal corporation in which such

route lies, are hereby designated as through highways provided that stop signs shall be erected at all intersections with such through highways by the state highway department as to highways under its jurisdiction and by local authorities as to highways under their jurisdiction; provided, however, that where two or more through highways intersect and no traffic control signal is in operation stop signs shall be erected at one or more entrances thereto by the department or local authorities having jurisdiction.

(b) The department with reference to state highways and local authorities with reference to highways under their jurisdiction may designate additional streets and highways intersecting such through highways or may designate any intersection as a stop intersection and shall erect like signs at one or more entrances to such intersection." * * *

That there was a stop sign erected at the intersection on Belvoir Boulevard directing traffic approaching Cedar Road to stop, is undisputed by the evidence. Its presence there indicates without question that Cedar Road is a through highway although such fact is not pleaded. The undisputed facts as to the direction in which the vehicles of plaintiff and defendant were operated also shows that the plaintiff was approaching the intersection of Belvoir Boulevard with Cedar Road from the defendant's right so that the plaintiff had the preferential right to move through said intersection, providing he was proceeding in a lawful manner, over traffic coming into such intersection in a southerly direction from Belvoir Boulevard.

The court charged the jury on this question as follows:

"The proximate cause is the direct cause, or the cause without which this would not have occurred. Before the plaintiff can recover in this action he must at all times have been in the exercise of ordinary care for his own safety, that is, he must have exercised ordinary care as he approached that intersection in the manner and method in which he controlled his automobile.

"Each of the parties had the right to use those thoroughfares on that day. The plaintiff had a right to drive in an easterly direction on Cedar Road; the defendant had an equal right to drive southerly on Belvoir Boulevard. The right in the use of those streets were equal, and their duties were reciprocal. Each owed the other the duty of ordinary care as they ap-

proached that intersection at and just prior to the collision. That is, each must operate and control his automobile as an ordinarily prudent person would operate and control it, at and just prior to the collision."

This charge is clearly erroneous. It completely ignores the right of way rule as provided in the traffic code.

The supreme court in the case of **Morris v Bloomgren, 127 Oh St 147** in dealing with this question said in syllabus 1 and 2:

"1. **Secs. 6310-28** and **6310-28a GC** are cognate sections, pertaining to the right of way at highway intersections, and should be together construed. One section requires the operator of a vehicle to yield the right of way at highway intersections to a vehicle approaching from the right and the other defines 'right of way' as the right to 'proceed uninterruptedly in a lawful manner in the direction in which it is moving' in preference to another vehicle approaching into its path from a different direction. Construed together, these sections confer an absolute right of way upon the vehicle approaching from the right, qualified only by the requirement that in proceeding uninterruptedly, it must proceed in a lawful manner."

"2. The expressions and implications contained in the cases of **Heidle v. Baldwin, 118 Oh St 375**, and **Geo. Ast Candy Co. v Kling, 121 Oh St 362**, by denying the vehicle approaching from the right its statutory privilege of proceeding uninterruptedly if it proceeds in a lawful manner, and by placing the drivers of both vehicles upon an equal plane in approaching the intersection and relegating both to the rules of care existing at common law, entirely ignore the preferential status of the vehicle approaching from the right and the servient status of the other vehicle. (**Heidle v Baldwin, 118 Oh St 375** and **Geo. Ast Candy Co. v Kling, 121 Oh St 362** are disapproved and overruled.)"

The charge of the court on the rights of the parties on the subject of 'right of way' was therefore erroneous and prejudicial to the plaintiff's rights, both in giving that part of the charge above quoted and in refusing plaintiff's request for a proper charge on 'right of way'.

In presenting the claims of the plaintiff the court said on the subject of speed:.

"It is the claim of the defendant that the plaintiff was operating his car at a high and unlawful rate of speed as he drove east on Cedar Road, at and just prior to the collision

and if the plaintiff was driving his automobile as claimed by the defendant at the rate of 50 to 55 miles per hour, that would be evidence of negligence upon his part and if his driving his automobile at 50 to 55 miles per hour directly caused or directly contributed to cause this collision then the plaintiff could not recover in this action."

Only in one other place in the charge was the subject of speed referred to and that was in explaining the claims of the defendant on his cross-petition. The court said:

"* * * he says that the plaintiff operated his automobile at a greater rate of speed than was reasonable and proper under the circumstances then existing, 45 miles per hour * * *."

Sec. 6307-21 GC provides in part:

"Sec. 6307-21 GC (speed regulations and limitations; assured clear distance ahead) (a) No person shall operate a motor vehicle, trackless trolley or street car in and upon the streets and highways at a speed greater or less than is reasonable or proper having due regard to the traffic, surface and width of the street or highway and of any other conditions then existing, * * *.

It shall be prima facie lawful for the operator of a motor vehicle, trackless trolley or street car to operate the same at a speed not exceeding the following: * * *

Thirty-five miles per hour on state routes or through highways within municipalities out side business districts;

Fifty miles per hour on highways outside of municipal corporations.

"It shall be prima facie unlawful for any person to exceed any of the speed limitations in this or in other sections of this act * * *."

Nowhere in the charge did the court refer to the foregoing section on the subject of speed. The question of speed as to both vehicles was an issue in the case and a correct charge on that subject was necessary to properly present the rights of the parties. To say that if one of the parties was going 50 to 55 miles per hour he could not recover and to neglect to mention that party's claim that the other party was exceeding the speed limit under the circumstances and the failure to explain the rules of law governing speed as provided by §6307-21 GC supra, constitutes prejudicial error.

The plaintiff requested the court to give the following instruction before argument:

"5. Secs. 6310-28 and 6310-28a GC, are cognate sections pertaining to the right of way at highway intersections and should be construed together. One section requires the operator of a vehicle to yield the right of way at highway intersections to a vehicle approaching from the right, and the other defined 'right of way' as the right "to proceed uninterruptedly in a lawful manner in the direction in which it is ▮ moving" in preference to another approaching into its path from a different direction. Construed together, these sections confer an absolute right of way upon the vehicle approaching from the right, qualified only by the requirement that, in proceeding uninterruptedly, it must proceed in a lawful manner."

This was a direct quotation from the law of the case of Morris vs Bloomgren, and was applicable to the issues presented in this case. The fact that the section numbers are now different than contained in the charge requested does not effect the fact that it contained a correct statement of the question of law applicable to the issues in this case and it was therefore prejudicial error to refuse such request.

We find no other prejudicial error in the case.

For the foregoing reason the judgment of the trial court is reversed and the cause is remanded for further proceedings according to law. Exceptions. Order See Journal.

HURD, PJ, MORGAN, J, concur.